# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

APOLINO LUNA JIMENEZ, also known as Paul Luna, also known as Apolonia Paul Luna, also known as Juan Juarez, also known as Apolino Jimenez Luna, also known as Juan Ramos, also known as Apolonio A. Luna, also known as Aopolonia Paul Luna, also known as Juan Antonio Luna,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-439-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Apolino Luna Jimenez (Jimenez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal subsequent to a conviction for an aggravated felony. He argues that the district court erred by finding that the sentence for his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for aggravated assault of a family member was a sentence of imprisonment of more than 60 days that counted for two criminal history points. He maintains that a sentence of deferred adjudication probation with inpatient drug treatment does not qualify as a sentence of imprisonment under the Guidelines. The Government argues that the district court did not err and that any error was harmless.

The sentence of 71 months of imprisonment was within both the guidelines range determined by the district court of 70-87 months of imprisonment and the guidelines range asserted by Jimenez of 57-71 months of imprisonment. The district court stated and explained a justifiable basis of why it would impose the sentence of 71 months of imprisonment even if Jimenez was correct about the proper guidelines sentence range. In light of these circumstances, any error in calculating Jimenez's criminal history category was harmless. *See United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012).

AFFIRMED.